IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-02327-REB-MJW

CAMERON McARTHUR,

Plaintiff,

v.

SOURCE GAS, LLC,

Defendant.

## ORDER REGARDING
## DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER (DOCKET NO. 40)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for hearing on April 26, 2011, on Defendant's Motion for Entry of Protective Order (docket no. 40).  The court has reviewed the subject motion (docket no. 40) and the response (docket no. 43) thereto.  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  Lastly, the court has considered oral argument presented by the parties.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2.     That venue is proper in the state and district of Colorado;

3.     That each party has been given a fair and adequate opportunity to

       be heard;

4.     That Defendant seeks a Rule 26(c) Protective Order from the court.

       Defendant argues that information requested in Plaintiff's discovery

       requests contains personal confidential and proprietary information

       that should not be available to third parties who are not participants

       in this lawsuit.  In particular, Defendant argues that confidential,

       commercial, and/or personal information that Defendant plans to

       produce in this lawsuit requires protection from unauthorized and

       impermissible disclosure which includes, but is not limited to:

              a.     Personnel records of current and/or former non-party

                     employees of Defendant;

              b.     Defendant's proprietary employee handbooks;

              c.     Banking and other financial or account records of

                     current or former third party customers of Defendant;

              d.     Documents Defendant produced to the EEOC during

                     the course of the administrative proceedings related

                     to Plaintiff's charge of discrimination that contain

                     Defendant's confidential information that is not

                     otherwise available to the public; and

              e.     Defendant's trade secrets or other confidential and

                     proprietary commercial or financial information

3

belonging to Defendant.  See Plaintiff's Requests for

Production Nos. 1, 5, 6, and 7;

5.    That pursuant to Fed. R. Civ. P. 26(c)(1)(G), a court may enter a

protective order "requiring that a trade secret or other confidential

research, development, or commercial information not be revealed

or be revealed only in a specified way;"

6.    That a party seeking a protective order must show that a "clearly

defined and serious injury" will result to the moving party in the

absence of such protective order.  Exum v. United States Olympic

Committee, 209 F.R.D. 201, 206 (D. Colo. 2002).  See Charles A.

Wright & Arthur R. Miller, Fed. Practice & Pro (Civ) § 2035 ("The

courts have insisted on a particular and specific demonstration of

fact, as distinguished from stereotyped and conclusory statements,

in order to establish good cause.  This recognizes that the

existence of good cause for a protective order 'is a factual matter to

be determined from the nature and character of the information

sought by deposition or interrogatory weighed in the balance of the

factual issues involved in each action.'").  Here, Defendant has

shown "good cause" and has also demonstrated that it will suffer a

"clearly defined and serious injury" in the absence of a protective

order and therefore has met the requirements of Fed. R. Civ. P.

26(c); and

7.    That paragraph 12 in the Protective Order (docket no. 40-1)

4

attached to the subject motion (docket no. 40) provides an avenue for either party to challenge confidential designated information by the opposing party.

**ORDER**

**WHEREFORE**, based upon these finding of fact and conclusion of law this court **ORDERS**:

1.      That  Defendant's Motion for Entry of Protective Order (docket no. 40) is **GRANTED**;

2.      That the written Protective Order (docket no. 40-1) is APPROVED and made an Order of the Court;

3.      That if either party disagrees with the opposing party's designation of information as confidential, then such party is granted leave to challenge such designation consistent with paragraph 12 in the written Protective Order (docket no. 40-1); and

4.      That each party shall pay their own attorney fees and costs for this motion.

Done this 27th day of April 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE