IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02327-REB-MJW

CAMERON McARTHUR,

Plaintiff,

v.

SOURCE GAS, LLC,

Defendant.

---

**ORDER REGARDING
DEFENDANT'S MOTION TO COMPEL RULE 35 MENTAL EXAMINATION OF
PLAINTIFF AND REQUEST FOR EXPEDITED RULING (DOCKET NO. 86)**

---

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the court on Defendant's Motion to Compel Rule 35 Mental Examination of Plaintiff and Request for Expedited Ruling (docket no. 86). The court has reviewed the subject motion (docket no. 86), the response (docket no. 92), and the reply (docket no. 94). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in <u>Schlagenhauf v. Holder</u>, 379 U.S. 104, 118 (1964), the Supreme Court ruled that Rule 35 "require[s] an affirmative showing by the movant that each condition as to which the examination is

    sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." The burden of demonstrating good cause rests with the moving party. Doe v. District of Columbia, 229 F.R.D. 24, 26 (D.D.C. 2005). The requirement of good cause is not a mere formality; the court must genuinely balance the need for the information with the right to privacy and safety of the party. See Schlagenahuf, 379 U.S. 104. Rule 35 states that the examination may be conducted by "a suitably licensed or certified examiner." Psychiatric examinations are allowable if a person's mental condition is at issue. See Roberson v. Bair, 242 F.R.D. 130, 136-37 (D.D.C. 2007) (emotional distress claim places the plaintiff's condition at issue). The examination may be conducted by a psychiatrist or psychologist. When permanent injuries are claimed or under other appropriate circumstances, the court may allow a second examination just before trial. Galieti v. State Farm Mut. Auto. Ins. Co., 154 F.R.D. 262 (D. Colo. 1994). A stronger showing of necessity is usually required for a second examination. Furlong v. Circle Line Statue of Liberty Ferry, Inc., 902 F. Supp. 65, 70 (S.D.N.Y. 1995). Lastly, the court has discretion to determine who may be present at the examination. Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320, 323-24 (N.D. Ga 2000); Ali v. Wang Labs., Inc., 162 F.R.D. 165, 168 (M.D. Fla. 1995);

5. That in this case, Plaintiff has placed his mental condition "in controversy" by seeking emotional distress damages, asserting that he suffers from two specific mental disorders, namely, Post-Traumatic Stress Disorder [PTSD], Chronic; major depressive disorder, severe without psychotic features, and has designated an expert witness, Susan Kamler, MA, LPC, to support his claim of emotional distress. See Complaint at paragraphs 65, 75, and 88. Also see Plaintiff's Amended Designation of Expert Witness (docket no. 64). See also deposition of Susan Kamler, 70:15-19, attached as Exhibit C to the subject motion (docket no. 86). Moreover, Plaintiff has testified in deposition, in detail, that he experienced various types of abuses and trauma as a child and throughout his life. See deposition of Plaintiff attached as Exhibit B to the subject motion (docket no. 86);

6. That Defendant has demonstrated, in the subject motion (docket no. 86), a strong showing for an IME examination as well as "good cause" for an IME examination. Defendant further has demonstrated that Plaintiff has placed "in controversy" whether Plaintiff has suffered severe emotional distress injuries and has suffered depression and anxiety which are work-related and caused

by Defendant; and,

7. That Jeffrey L. Metzner, M.D. [board certified psychiatrist] is qualified to conduct an IME examination on Plaintiff.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant's Motion to Compel Rule 35 Mental Examination of Plaintiff and Request for Expedited Ruling (docket no. 86) is **GRANTED**;

2. That the parties shall forthwith meet, confer, and set a date with Jeffrey L. Metzner, M.D., for an IME examination of the Plaintiff. Plaintiff's counsel shall not be present during this IME examination. The IME examination shall take place with Dr. Metzner and Plaintiff only. The cost of the IME examination shall be paid by Defendant. The IME examination shall be completed by October 17, 2011. The deadline to complete discovery shall be extended to October 17, 2011, for the limited purpose of completing the IME examination and to allow Defendant to obtain records from Plaintiff's treating psychiatrist. The Final Pretrial Conference remains set on October 31, 2011, at 8:30 a.m. The Trial Preparation Conference remains set on January 6, 2012, at 2:00 p.m. The Bench Trial remains set on January 9, 2012, at 9:00 a.m.; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 14th day of September, 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE